UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| **In re Brady Martz Data Security Litigation** | Case No. 3:23-cv-176-PDW-ARS<br><br>**DECLARATION OF DAVID A. GOODWIN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE PLAN** |

I, David A. Goodwin, being first duly sworn and cautioned, depose and state as follows:

1. I am a partner at the law firm Gustafson Gluek, PLLC, and have held this position from 2015 to the present. I am one of the proposed Class Counsel in this Litigation representing Plaintiffs and the proposed Class and have monitored my firm's participation in this matter from September 2023 to the present. The contents of this Declaration are based upon my own personal knowledge, the events of this litigation, and my review of my firm's business records and information that are maintained on a routine basis.

2. I attended University of Wisconsin-Madison and graduated in 2001with a B.A. in History. I then received my law degree in 2006 from DePaul University College of Law. I have been licensed to practice law since 2006.

3. I am a member in good standing of the Minnesota Bar and have never been the subject of any disciplinary proceedings.

1

4. I am admitted to the United States District Court for the District of Minnesota, and the United States Court of Appeals for the Eighth Circuit, and I have been admitted pro hac vice to many state and federal district courts throughout the United States.

5. In addition to participating in the actual litigating of class action lawsuits, I have regularly worked with settlement administrators to implement notice programs that are designed to gain as much class participation as possible. Beyond the critical task of selecting a successful settlement administrator, I have paid particular attention to determining how to distribute direct notice to class members to the extent possible and secondarily, to help implement a notice program that provides notice through as many mainstream mediums as possible for the purpose of informing potential class members about class certification and/or a class action settlement.

6. As a member of proposed Class Counsel, I have been centrally involved in all aspects of this litigation from the initial investigation to the present, communications with Plaintiffs and co-counsel, and the description set forth below is based upon my personal knowledge. I have been a primary point of contact for Plaintiffs and Class Counsel with counsel for Defendant. Having worked with my co-counsel for Plaintiffs on many other class action cases, including data breach class actions, I am able to confirm that Class Counsel and Defendant's counsel are experienced in class action litigation. Copies of Class Counsel's law firm bios are attached as Exhibit 5 (Gustafson Gluek), Exhibit 6 (Hellmuth & Johnson). Both law firms are well-capitalized and have sufficient resources to handle and manage class action cases.

## SETTLEMENT NEGOTIATIONS

7. After briefing on the motion to dismiss was completed, the Settlement Agreement, Exhibit 4, reached by the parties was negotiated at arms-length, is the result of hard bargaining,

and provides all Settlement Class Members with the ability to receive cash payments due to their Private Information potentially being compromised in the Data Breach.

8. Eventually, the Parties reached a settlement in principle late on October 15, 2024 for an $850,000 non-reversionary common fund settlement. The Parties continued to negotiate the terms of the settlement over the next few months reducing them to writing as detailed in the Settlement Agreement. After the Parties were able to reach agreement on the key terms of relief to the Settlement Class, the Parties were able to reach agreement on an appropriate Service Award for Plaintiffs and attorneys' fees and expenses for proposed Class Counsel's efforts in this Litigation.

9. The Parties exchanged informal discovery so that the Parties were able to make informed decisions about the potential resolution of this Litigation. Through this discovery, Plaintiff was able to confirm vital information about Plaintiffs' and the Class's claims, including but not limited to, the class size, the types of data impacted in the Data Breach, and the amount of insurance coverage Defendant has available for the Data Breach. This information permitted Plaintiffs to evaluate damages on a class-wide basis and reach a fair, reasonable, and adequate settlement for the Class.

## SETTLEMENT BENEFITS TO THE SETTLEMENT CLASS

10. The Settlement in this Litigation provides several forms of relief to Settlement Class Members: (1) monetary payments of up to $75 for Class Members (these payments may be pro rata increased or decreased to the extent there are funds remaining in the Settlement Fund after allocation of funds for all valid claims); (2) compensation for ordinary out-of-pocket losses capped that $250.00, which is inclusive of a payment for lost time spent in response to the Data Breach at

$25 per hour capped at four (4) hours ($100 maximum for lost time); and (3) monetary payments for verified extraordinary losses incurred as a result of the Data Breach capped at $5,000.

11. Attorneys' fees, not to exceed one-third (1/3) of the Settlement Fund ($283,333.33), litigation expenses, and the proposed $8,000.00 Class Representative Service Award, will be paid from the Settlement Fund, are subject to Court approval, and are typical of amounts awarded in class action cases. Class Counsel will submit a motion for approval of these amounts before the Final Approval Hearing.

12. Based on Class Counsel's experience with overseeing the settlement of many class action cases, Class Counsel anticipate that there will be funds remaining in the Settlement Fund so that the $75 cash payments will be pro-rata increased.

## SETTLEMENT ADMINISTRATION

13. The Parties jointly agreed that Analytics LLC (Analytics) is qualified and appropriate to serve as Settlement Administrator in this Litigation. Analytics has over fifty (50) years of experience administering class action settlement, including creating and executing notice programs. Before deciding Analytics is the appropriate Settlement Administrator for this case, Class Counsel sought to receive the best settlement administration services for the best price since the settlement administration costs and expenses will be deducted from the Settlement Fund. In other words, Class Counsel sought the best deal for the Class's funds and believe that Analytics is the best deal for the Class based on the three quotes received.

14. I have reviewed the notice program, including the Analytics Declaration and understand that the notice program will comply with the judicial guidelines in terms of percentage of class members reached through the notice program.

15. Analytics's execution of the notice program under this Settlement will be reviewed by Class Counsel and overseen by the Court.

16. The notice program in this case is broad in that it permits the following: (1) direct notice to 58,500 Settlement Class Members via the Short Form Notice, which has a tear off claim form attached to it; and (2) notice via the Settlement Website where the Long Form Notice will be posted. In addition to these notices, FAQs will be posted on the Settlement Website and Class Counsel will post information about the Settlement on our firms' websites. The Short Form Notice is attached as Exhibit 1, the Long Form Notice is attached as Exhibit 2, and the Claim Form is attached as Exhibit 3.

## **PLAINTIFFS ADEQUATELY REPRESENTED THE CLASS**

17. Plaintiffs have zealously represented the Class in this case. They have remained attentive throughout and have diligently worked with Class Counsel in reviewing and approving all settlement demands, the terms of the term sheet and Settlement Agreement. Furthermore, Plaintiffs have no conflicts with the Class. Based on my experience in working with Plaintiffs in this case, they are adequate Class Representative in this case.

## **THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE AND PRELIMINARY APPROVAL IS PROPER**

18. Plaintiffs faced many risks with proceeding with this case. Notably, a motion to dismiss all Plaintiffs' claims was fully briefed and pending before the Parties began negotiating. Furthermore, Plaintiffs still faced the hurdle of certifying any classes in this case and, even if class certification was granted, would incur significant expense retaining experts for this case to then proceed to a contested trial.

19. Through my experience with serving as lead counsel in many other class action lawsuits, including data breach cases, I believe the Settlement in this case is fair, reasonable, and adequate in that it provides broad, tangible Settlement benefits to approximately 58,500 people..

20. This Settlement relief for 58,500 Settlement Class Members is fair, reasonable, and adequate and warrants preliminary approval. *Lutz v. Electromed, Inc.*, No. 21-CV-2198 (D. Minn.) (approving $825,000 common settlement fund for 47,000 class members); *Pederson, et al. v. AAA Collections, Inc.*, No. 22-cv-4166 (DSD) (approving $865,000 common settlement fund for 66,488 class members); *Lamie v. Lendingtree*, LLC, No. 3:22-cv-00307 (WDNC) (approving $875,000 common settlement fund for 69,142 class members).

I hereby declare under penalty of perjury that the contents of this Declaration are true based on my personal knowledge.

December 18, 2024

*/s/ David Goodwin*
David Goodwin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Phone: (612) 333-8844
*dgoodwin@gustafsongluek.com*