IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| In re Brady Martz Data Security Litigation | ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE PLAN<br><br>No. 3:23-cv-176-PDW-ARS |

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice Plan ("Motion"). The Court reviewed the Motion and the Class Action Settlement Agreement and Release dated December 18, 2024 ("Agreement") entered into by Plaintiffs and Defendant Brady, Martz & Associates, P.C. ("Defendant" or "Brady Martz"), and it finds that the Motion should be **GRANTED**.

**NOW**, **THEREFORE**, the Court hereby **FINDS**, **CONCLUDES**, **AND ORDERS**:

1. The Court does hereby preliminarily and conditionally approve, for settlement purposes, the following Settlement Class:

> All individuals in the United States who were sent a notification letter regarding the Data Incident Brady Martz discovered in November 2022. Excluded from the Settlement Class are Brady Martz, the Judge assigned to the Action, and that Judge's immediate family and Court staff, and also Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline

2. Based upon information provided: the Class is ascertainable; it numbers approximately 58,500 individuals satisfying numerosity; there are common questions of law and fact, including whether the Data Incident potentially compromised Plaintiffs' and Class Members' Private Information, satisfying commonality; the proposed Class Representatives' claims are

typical, in that they are members of the Class and allege that they were sent a notice from Brady Martz that their Private Information was potentially compromised in Brady Martz's Data Breach, thereby alleging they have been damaged by the same conduct as other Class Members; the proposed Class Representatives and Class Counsel will fully, fairly and adequately protect the interests of the Class; question of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a nationwide class for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

3. The Court appoints Plaintiffs Jason Quaife, John Hoffer, Amanda Koffler, Alec R. Kiesow, and Samantha Stock as the Class Representative of the Class.

4. The Court appoints David A. Goodwin of Gustafson Gluek PLLC, and Nathan D. Prosser of Hellmuth & Johnson, PLLC, as Class Counsel for the Class.

5. The Court appoints Analytics Consulting LLC as Settlement Administrator.

6. The Court hereby preliminary approves the Settlement, including the notices and the releases contained therein as being fair, reasonable, and adequate as to Settlement Class Members, subject to further consideration at the Fairness Hearing described below.

7. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

8. Final Approval Hearing shall be held before the Court on August 11, 2025, at 9:00 a.m. for the following purposes:

    a. To determine whether the proposed Settlement on the terms and conditions provided for by the Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

      b.      To determine whether a Final Approval Order, as defined in the Agreement, should be entered;

      c.      To determine whether the claims process under the Settlement is fair and reasonable, and it should be approved by the Court;

      d.      To determine whether Plaintiffs' application for Attorneys' Fees and Expenses, and requested Service Awards for the Class Representatives, should be approved; and,

      e.      To rule upon such other matters as the Court may deem appropriate.

9.      The Court approves, as to form and content, the Short Form Settlement Notice, Long Form Notice, Claim Form, and finds that the mailing, distribution, and publishing of the various notices in the form and manner set forth in paragraph 10 of this Order meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

10.      The Complaint was commenced after June 16, 2021. The Court directs Brady Martz to timely notify, through the Settlement Administrator, the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 (to the extent this has not already been done). Counsel for Brady Martz or the Settlement Administrator shall, at or before the Final Approval Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

11.      The Settlement affords a non-reversionary $850,000.00 Settlement Fund from which, after the reduction of payments for Settlement administration costs and expenses, Class Counsel's attorneys' fees and expenses, and the Class Representative Service Award, the following Settlement benefits will be paid from the Settlement Fund to Settlement Class Members who submit valid and timely Claim Forms:

      a.      monetary payments of up to $75 for Settlement Class Members (these payments may be pro rata increased to the extent there are funds

        remaining in the Settlement Fund after allocation of funds for all valid claims);

    b.    compensation for ordinary out-of-pocket losses capped at $250.00, which is inclusive of a payment for lost time spent in response to the Data Incident at $25 per hour capped at 4 hours ($100 maximum for lost time); and,

    c.    monetary payments for verified extraordinary losses incurred as a result of the Data Incident capped at $5,000.

12.    Analytics shall process claims according to the Settlement Timeline that is attached to this Order.

13.    The Claim Form submitted by each Settlement Class Member must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph.

14.    As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Agreement.

15.    All Settlement Class Members shall be bound by all determinations and judgments in the class action concerning the Settlement, including, but not limited to, the releases provided for in the Agreement, whether favorable or unfavorable, except those who timely and validly requested exclusion from the Class and have not opted back in. The persons and entities who timely and validly requested exclusion from the Class will be excluded from the Class and shall not have rights under the Agreement, shall not be entitled to submit any Claim Forms, and shall not be bound by the Agreement or the Final Approval Order as to Brady Martz in the class action.

16.    Pending final determination of whether the Agreement should be approved, Class Counsel, Plaintiffs, and Class Members are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against Brady Martz.

17. Any Class Member may enter an appearance, individually or, at their own expense, through counsel of their choice, in which case counsel must file with the Clerk of Court and deliver to Class Counsel and counsel for Brady Martz a notice of such appearance no later than 60 days after the Notice Date. If they do not enter an appearance, they will be represented by Class Counsel.

18. All papers in support of the Settlement, and Class Counsel's Fee Application and request for expenses and Service Award, shall be filed no later than before the Claims Deadline.

19. Any Settlement Class Member may appear and show cause, if that Settlement Class Member has any reason why the proposed Settlement should not be approved as fair, reasonable, and adequate, or why Class Counsel's application for an award of attorneys' fees and for reimbursement of expenses should not be granted; provided, however, that no person shall be heard or entitled to contest such matters unless that person has delivered by hand or sent by first class mail sufficient written objections and copies of all papers and briefs any such person wishes to submit in support of any such objection delivered or post-marked no later than 90 days following Notice to the following:

Office of the Clerk<br>
Quentin N. Burdick<br>
U.S. Courthouse<br>
655 1st Ave. North, #130<br>
Fargo ND, 58102

20. Any person who does not make his, her, or its objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Agreement, unless otherwise ordered by the Court. Any papers in response to any such objections or in further support of the above-named motions shall be filed no later than seven (7) days before the Final Approval Hearing.

21. This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions, and proceedings in connection with this Order, the Agreement, and the Settlement, shall not constitute evidence, or an admission by Brady Martz that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any liability on the part of Brady Martz. This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order, the shall not be offered or received in evidence or used for any purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order or the Settlement.

22. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Plaintiffs and Brady Martz, if appropriate, without further notice to the Class.

**IT IS SO ORDERED**.

Dated this 24th day of February, 2025.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court