UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| **In re Brady Martz Data Security Litigation** | Case No. 3:23-cv-176-PDW-ARS<br><br>**DECLARATION OF DAVID GOODWIN IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD TO PLAINTIFFS** |

I, David Goodwin, hereby declare, under penalty of perjury, as follows:

1. I am an attorney duly admitted to practice law in the United States District Court for the District of Minnesota and the United States Court of Appeals for the Eighth Circuit. I have been admitted pro hac vice to this District in this case.

2. I submit this declaration in support of Memorandum of Law in Support of Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Award to Plaintiffs, filed concurrently herewith.

3. I am one of the attorneys appointed as interim co-lead counsel for the Plaintiffs and the Class in this lawsuit.

4. This class action lawsuit arises out of a cyberattack impacting the computer network of Defendant Brady Martz & Associates, P.C. ("Brady Martz" or "Defendant"), resulting in unauthorized access to the personal data of Plaintiffs and the Class (the "Data Security Incident"). The Parties engaged in hard fought litigation that included multiple lawsuits being filed, the coordination of the various Plaintiffs, formal and informal discovery, and then efforts

1

to settle this case. After extensive arm's-length settlement negotiations, the Parties reached a settlement that is fair, reasonable, and adequate.

5. Settlement Class Counsel negotiated a class settlement that provides substantial benefits to Settlement Class Members, in the form of an $850,000.00 non-reversionary common fund, from which Settlement Class Members are able to claim compensation for ordinary and extraordinary out-of-pocket losses and up to four (4) hours of lost time. These are meaningful benefits that, without the efforts of Plaintiffs and Settlement Class Counsel, and their willingness to take on the attendant risks of litigation, would not have been made available to Settlement Class Members.

6. This Settlement represents a highly favorable result for the Settlement Class in this litigation and was obtained against a well-regarded and experienced national defense law firm.

7. Although Settlement Class Counsel believe in the merits of Plaintiffs' claims, this litigation was inherently risky and complex. The claims involve the intricacies of data breach litigation (a fast-developing area in the law), and Plaintiffs would face risks at each stage of litigation. Against these risks, it was through the hard-fought negotiations and the skill and hard work of Settlement Class Counsel and Plaintiffs that the Settlement was achieved for the benefit of the Settlement Class.

8. Class Counsel performed substantial, efficient work throughout this pendency of this matter to achieve the best results possible for the Class. Prior to the filing of the actions and the Consolidated Complaint, Class counsel undertook intensive factual and legal research to plead narrow and strong claims in the Complaint based on the events leading to the Data Breach.

9. Subsequent to the filing of the Consolidated Complaint, Defendant moved to dismiss the claims pled by Plaintiffs. Class Counsel worked to ensure that this case was properly

distinguished from negative precedent regarding other data breach cases. In its order concerning Defendant's motion to dismiss, the Court agreed permitting Plaintiffs to proceed on their negligence claim and request for declaratory judgment.

10. Following the Court's ruling on the motion to dismiss, the Parties negotiated and submitted a joint Rule 26(f) Report, proposing a schedule for formal discovery, motion practice, and trial in order to efficiently and effectively prosecute the litigation.

11. Subsequently, the Parties also entered into early negotiations to explore the possibility of a class-wise settlement of the action. In order to inform their discussions, the Parties engaged in informal discovery, including Plaintiffs' Counsel propounding discovery requests to Defendant, and responding to Defendant's informal discovery requests.

12. Through extensive arm's-length settlement negotiations between experienced interim co-lead counsel and Defendant's counsel, the parties were able to come to agree to the $850,000 non-reversionary common fund for the benefit of the Class.

13. Class Counsel, as experienced litigators who have collectively settled hundreds of data breach actions, carefully considered the merits of this action, the acceptable range of settlements, as well as the potential benefits, risks, and costs of continued litigation.

14. The potential risks of continued litigation were numerous, and include but are not limited to: (1) numerous merits issues remained uncertain; (2) the challenges associated with proving damages on a class-wide basis; (3) obtaining 100% of the data for and establishing a damage model and expert testimony that would ultimately be persuasive to a jury; (4) further developments in the law or the factual record of the case that could undermine Brady Martz's claims; (5) the risk that a jury might award lower damages than what is provided by the Settlement Agreement or no damages at all; (6) the risk both sides faced that a jury could react unfavorably

to the evidence presented; and (7) the uncertainties, risks, expense, and significant delays associated with any appeal that would inevitably be pursued following trial and entry of final judgment.

15. Class Counsel's efforts ended in obtaining the $850,000 common fund settlement memorialized in the Settlement Agreement.

16. The Court preliminarily approved the Settlement on February 24, 2025. The Court approved notice program, notifying the Class of the Settlement and their rights thereunder, is currently being implemented by the Settlement Administrator, Analytics Consulting LLC.

17. In accordance with the Settlement Agreement and the Court's order preliminarily approving the settlement, Class Counsel instructed the Settlement Administrator to implement the Notice Program. Eventually, 56,911 notices were sent to Settlement Class Members.

18. The reaction of the Settlement Class so far has been positive. The deadline to submit an opt-out or file an objection is May 25, 2025. To date, there have been no objections to any aspect of the Settlement, including the requested fee, and only one opt-out. In contrast, as of April 29, 2025, there have been 2,499 claims submitted by Settlement Class Members even though the claims submission deadline is not until June 24, 2025. These figures are based on information provided by the Settlement Administrator.

19. This Action called for considerable skill and experience, requiring investigation and mastery of complex factual circumstances, the ability to develop creative legal theories, and the skill to quickly engage in meaningful settlement discussions. Data breach litigation is a cutting-edge area of the law that presents numerous developing issues, evolving precedents, and unpredictable outcomes. Despite these risks, however, Settlement Class Counsel undertook this litigation on an entirely contingency fee basis with no promise of any reward.

20. This case was particularly risky, and Plaintiffs faced substantial hurdles if the litigation were to continue. Most notably, Plaintiffs faced the risk of surviving dispositive motions for summary judgment and obtaining class certification. Though Settlement Class Counsel strongly believe in the merits of Plaintiffs' claims, Plaintiffs and Settlement Class Counsel acknowledge that proving causation and damages in the emerging area of data breach cases can be difficult and is by no means guaranteed. Continued litigation would have required more formal discovery, depositions, expert reports, obtaining and maintaining class certification throughout trial, and summary judgment, as well as possible appeals (interlocutory and/or after the merits), which would require additional rounds of briefing and the possibility of no recovery at all. The Settlement here guarantees relief to the Settlement Class whereas further protracted litigation would not.

21. As compensation for the substantial benefit conferred upon the Settlement Class, and the significant amount of work Settlement Class Counsel have undertaken, Settlement Class Counsel seek a fee award of 33.33% of the Settlement Fund ($283,333.33). This request is contemplated by the Settlement Agreement and Settlement Class Counsel apprised the Court of this request in their Motion for Preliminary Approval. This was also clearly delineated in the notice materials sent to the Settlement Class.

22. Discussions regarding Settlement Class Counsel's Attorneys' fees, litigation costs and expenses, and Service Awards for Class Representatives occurred only after an agreement was reached to the essential terms of the settlement, specifically the benefits to the Settlement Class.

23. Although Settlement Class Counsel have consistently sought to keep costs and fees to a minimum, the Action required a significant amount of work and time and was levied against highly regarded counsel experienced in data privacy litigation.

24. Settlement Class Counsels' efforts in this matter included:

   a. fully investigating the facts and legal claims, including interviewing and vetting multiple potential plaintiffs;

   b. obtaining and reviewing documents from Class Members substantiating their claims;

   c. coordinating with Plaintiffs and plaintiffs' counsel from the various cases and organizing in this Court;

   d. drafting and preparing the complaints, as well as conducting extensive research for those complaints;

   e. regularly communicating with the named Plaintiffs to keep them apprised of the progress in the action;

   f. requesting, obtaining, and reviewing documents and information from Defendant regarding the Data Incident, Defendant's remedial measures after the Data Incident, and Defendant's cyber insurance status;

   g. drafting and filing the opposition to Defendant's Motion to Dismiss;

   h. participating in months of settlement negotiations with Defendant to reach and finalize the Settlement Agreement, proposed orders, and notice documents;

   i. developing the notice program and distribution plan for the Settlement;

  j. soliciting bids from several settlement administrators to ensure the class was getting the best notice at a cost-effective price;

  k. obtaining preliminary approval of the Settlement;

  l. aiding Class members with questions about the Settlement and the claims process; and

  m. working with the Settlement Administrator to implement the notice program and oversee the claims process.

25. Settlement Class Counsel have substantial experience as consumer class action attorneys and as advocates in data breach class actions. *See* Declaration of David A. Goodwin in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Notice Plan at ¶¶ 6, 17. Settlement Class Counsel worked diligently on behalf of the Settlement Class to obtain information from Defendant regarding the Data Incident and utilized their experience and the knowledge gained from other data breach class actions to negotiate a favorable Settlement. This experience enabled Settlement Class Counsel to represent Plaintiffs' and Class Members' interests without expending hundreds of hours and substantial financial resources to come up to speed on the subject area.

26. Having worked on behalf of the class since the Data Incident was first announced, evaluated the legal and factual disputes, and dedicated significant time and resources to this litigation, Settlement Class Counsel fully endorse the settlement.

27. So far, Settlement Class Counsel have expended 758 hours prosecuting this matter on behalf of Plaintiffs and the Class for a total lodestar of $548,538.00. A detailed lodestar is included below. The total amount requested in fees, $283,333.33, reflects a negative multiplier of

approximately .52.[1] This lodestar does not reflect additional time that Settlement Class Counsel will expend completing the Settlement, including, for example, preparing for and attending the final approval hearing. But perhaps more importantly, Settlement Class Counsel will spend additional time making themselves available to Class Members to answer questions as well as supervise and answer questions about the claims process and Claims Administration. Settlement Class Counsel estimate they will spend in excess of thirty (30) additional hours aiding Class Members and completing the Settlement.

**FEE LODESTAR**

| Firm | Hourly Rate Range | Hours | Lodestar* | Expenses |
|---|---|---|---|---|
| Schneider Law Firm | $500 | 8.0 | $4,000.00 | $402.00 |
| Hellmuth & Johnson, PLLC | $740 - $875 | 286.2 | $234,901.00 | $580.50 |
| Gustafson Gluek, PLLC | $600 - $1,200 | 303.5 | $194,112.50 | $1,224.76 |
| Chestnut Cambronne PA | $450 - $1,050 | 40.5 | $26,028.00 | $0 |
| Wolf Haldenstein Adler Freeman & Herz LLC | $570 - $650 | 18.3 | $10,624.00 | $552.00 |
| Cafferty Clobes Meriwether & Sprengel, LLP | $750 - $1,300 | 101.5 | $78,872.50 | $1,072.54 |
| **TOTAL** | | 758.0 | $548,538.00 | **$3,831.80** |

28. Additionally, Settlement Class Counsel's reimbursement request of $4,581.80 for Settlement Class Counsel's costs and expenses is for reasonable expenses necessary to prosecute this Action. These costs and expenses are comprised entirely of necessary and reasonable fees, such as filing fees, copies, service of process, legal notices, Westlaw/LEXIS research fees, and PACER costs. Filing fees are mandatory and standard in this type of litigation; as such, these fees were incurred in compliance with federal and local rules. Settlement Class Counsel also incurred

---

[1] The multiplier is calculated by dividing the requested fee award by the lodestar. This multiplier will decrease because Settlement Class Counsel will spend additional time litigating this Action, including time preparing for and attending the final approval hearing, and time oversee the claims administration and benefit distribution process.

necessary yet reasonable service of process and notary service fees, complying with federal service requirements and obtaining waivers of service where possible. Settlement Class Counsel's *pro hac vice* fees were reasonable and necessary in that each attorney who filed for admission *pro hac vice* in this case performed substantial and necessary work for the benefit of the Class. Without these, Settlement Class Counsel likely would not have been able to provide the same zealous representation to the Class. As discussed herein, Settlement Class Counsel spent substantial time researching the merits of this case and zealously advocating on behalf of the Settlement Class. In doing so, Settlement Class Counsel incurred necessary and yet reasonable research fees on Lexis, Westlaw, and PACER in the amount of $1902.40. Without these fees, Settlement Class Counsel would not have been able to provide the same zealous representation to the Class and would not have obtained the same favorable settlement. Similarly, Settlement Class Counsel's copying fees, Sharefile fees, and electronic storage fees were necessary and reasonable in providing representation to the Settlement Class as they allowed Settlement Class Counsel to communicate with each other, share documents, and thoroughly review the information available in this case. Finally, Settlement Class Counsel's Notice and Publication fees were necessary to provide representation to the Settlement Class. Moreover, each of these costs and expenses were incurred for the benefit of Settlement Class. These expenses are typical of litigation, reasonable in amount, and necessary for advancement of the action to the benefit of the Settlement Class. Settlement Class Counsel are willing and able to provide receipts for these costs and expenses at the request of the Court.

**COMBINED LITIGATION EXPENSES**

| Description | Amount |
|---|---|
| Filing Fees | $1,608.00 |
| Service of Process/Notary Services Fee | $150.00 |
| Pro Hac Vice Fee | $150.00 |

| | |
|---|---|
| Lexis/Westlaw/Pacer Research | $1,902.40 |
| Copies/Sharefile/Electronic Storage | $21.40 |
| Anticipated Travel for Final Approval Hearing | $750.00 |
| Notices/Postage (Analytics) | $44,284.99 |
| Administration/Distribution (Analytics) | $22,221.76 |
| **TOTAL** | **$71,088.55** |

29. In tracking lodestar and expenses in this matter, Settlement Class Counsel maintained contemporaneous and detailed time records, which include a description of all work performed and expenses incurred. The time committed by each of the firms in this case worked efficiently to allocate work, and coordinate assignments for effective prosecution of this case. The hours billed were reasonable and necessary for the prosecution of this case on behalf of Plaintiffs and the Settlement Class. The hours and lodestar are minimal for getting a class action case to this stage and were undertaken in a manner to avoid duplication of work.

30. Prior to submitting Settlement Class Counsel's hour summary to the Court, Settlement Class Counsel exercised billing judgment to exclude hours that, in Settlement Class Counsel's professional judgment, were excessive, duplicative, or otherwise could not be billed to a fee-paying client.

31. The hourly rates Settlement Class Counsel utilized in this matter are reasonable and are their customary hourly rates for similar data breach class action cases. These hourly rates have been approved by other courts in connection with data breach settlements such as this.

32. Settlement Class Counsel have represented Plaintiffs and the Settlement Class purely on a contingency fee basis in this matter and have not received any payment for their time, effort, or expenses to date and have passed up other work to devote time and resources to this matter. Settlement Class Counsel took this case on a contingent basis with the understanding that they would only be compensated if there was a recovery for Plaintiffs, and court approval of the

requested fees. As such, neither compensation for their time nor reimbursement of their costs were guaranteed to Settlement Class Counsel in this case. Settlement Class Counsel assumed significant risk of nonpayment or underpayment of attorneys' fees.

33. Settlement Class Counsel also seek Service Awards in the amount of $2,000.00 for each of the Class Representatives. The Class Representatives initiated and oversaw this litigation for the benefit of the Settlement Class, and it is due to their services that a favorable settlement was obtained. Among other things, the Class Representatives answered detailed questionnaires and provided essential information to Settlement Class Counsel; provided information to support the claims alleged in the Complaints; agreed to face invasive and time consuming discovery, including depositions, if necessary; reviewed pleadings and coordinated with Settlement Class Counsel as to the status of, and strategy for, the Action; conferred with Settlement Class Counsel about the settlement; and considered and approved the settlement terms on behalf of the Settlement Class. The sacrifices of time and effort undertaken by the Class Representatives in furtherance of this Action on behalf of absent Settlement Class Members warrants the Court's approval of the requested Service Awards. The requested $2,000.00 each is reasonable considering the Class Representatives' substantial contributions to the case. The active participation and efforts expended by the Class Representatives in prosecuting this Action materially aided, and indeed were necessary to, the Settlement achieved. Plaintiffs support the Settlement achieved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: May 9, 2025

                                      /s/David A. Goodwin
                                      David Goodwin