**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**
**EASTERN DIVISION**

| | |
|---|---|
| In re Brady Martz Data Security Litigation | **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>No. 3:23-cv-176-PDW-ARS |

This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement filed on July 28, 2025 (Doc. 68), and Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards to Plaintiffs filed on May 9, 2025 (Doc. 60) ("Motions"). The Court has reviewed the Motions and the Class Action Settlement Agreement and Release dated December 17, 2024 ("Agreement") entered into by Plaintiffs Jason Quaife, John Hoffer, Amanda Koffler, Alex R. Kiesow, and Samantha Stock (collectively "Plaintiffs") and Defendant Brady Martz & Associates, P.C. ("Defendant" or "Brady Martz"), and it finds that the Motions should be **GRANTED**. Therefore:

1. The Court maintains jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3. The Court, for purposes of this Final Judgment, adopts the defined terms as set forth in the Agreement for any term not otherwise defined herein. See Doc. 56-4.

4. The Court certifies the Class pursuant to Federal Rule of Civil Procedure 23.

5. The Court grants Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Award to Plaintiff. Doc. 60.

6. The Court grants Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement. Doc. 68.

7. The Court finds that the Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of the Agreement.

8. The Court approves the Release provided in Section 6 of the Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

9. The Court reserves jurisdiction over the Settlement and this Agreement.

10. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

11. On February 24, 2025, the Court entered an Order Preliminarily Approving Class Action Settlement and Directing Notice to the Class (Doc. 58) ("Preliminary Approval Order") that preliminarily approved the Agreement and established a hearing date to consider the final approval of the Agreement, Class Counsel's request for a Service Award to the Class Representative and motion for attorneys' fees, costs and, expenses.

12. The Court's Preliminary Approval Order approved the Short Form Settlement Notice, Long Form Notice, Claim Form, and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice. A declaration confirming that the Notices have been mailed, published and distributed pursuant to the Notice Plan and the Preliminary Approval Order has been filed with the

Court. See Declaration of Kari L. Schmidt (Doc. 70). The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Agreement.

13. The Court finds Brady Martz has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

14. The Court finds that the Class Representatives are similarly situated to absent Class Members and is typical of the Class and are adequate Class Representatives, and that Class Counsel and the Class Representatives have fairly and adequately represented the Class. The Court grants final approval to its appointment of Class Counsel and Class Representative as provided in the Preliminary Approval Order (Doc. 58), appointing the following firms and individuals as Class Counsel and Class Representatives:

a. Nathan D. Prosser of Hellmuth & Johnson, PLLC as Class Counsel;

b. David A. Goodwin of Gustafson Gluek PLLC as Class Counsel; and

c. Appointing Plaintiffs Jason Quaife, John Hoffer, Amanda Koffler, Alec R. Kiesow, and Samantha Stock as Class Representatives.

15. The Court, after review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees in the amount of $283,333.33. Reasonable notice and administration costs of $66,506.75, and expenses of $4,581.80 are also hereby awarded. Payment shall be made pursuant to the terms of the Settlement Agreement.

16. Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves a payment in the amount of $2,000 each for Plaintiffs Jason Quaife, John Hoffer, Amanda Koffler, Alex R. Kiesow, and Samanta Stock.

17. The Court certifies the following Class under Fed. R. Civ. P. 23(a) and 23(b)(3):

> All individuals in the United States who were sent a notification letter regarding the Data Incident Brady Martz discovered in November 2022. Excluded from the Settlement Class are Brady Martz, the Judge assigned to the Action, and that Judge's immediate family and Court staff, and also Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

18. The Court finds that the Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for Settlement Purposes in that: (a) the Class is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representatives has no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

19. Having considered the negotiation of, the terms of, and all of the materials submitted concerning the Agreement; having considered Plaintiffs' and the Class's likelihood of success both of maintaining this action as a class action and of prevailing on the claims in data-breach claims at trial, including the possibility that Brady Martz could prevail on one or more of its defenses; having considered the range of the Plaintiffs' possible recovery (and that of the Class) and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

a. Plaintiffs and Class Counsel have adequately represented the Class;

b. the terms of the Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiffs and Brady Martz;

c. the outcome of further Litigation is uncertain;

d. it is possible the Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Class could receive less (including the possibility of receiving nothing) and/or that Brady Martz could defeat certification;

e. the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

f. the Parties have in good faith determined the Agreement is in their respective best interests, including Plaintiffs and Class Counsel determining that it is in the best interest of the Class Members;

g. the aggregate consideration for the Class—including both the Settlement Fund, which Brady Martz shall fund, is commensurate with the claims asserted and that will be released as part of the Settlement, and

h. the terms of the Agreement treat the Class Members equitably relative to each other and fall well within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution of the Litigation.

Therefore, pursuant to Rule 23(e), the terms of the Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Class Members.

20. The Court approves the Settlement Fund Allocation to the Agreement. Doc. 56-4. To the extent that any funds remain, Settlement benefits will be increased or decreased pro-rata should claims exceed the Maximum Payout under the Settlement in Paragraph 2.2, with attorneys'

fees, Class Counsel's Litigation Expenses, Settlement Administration Fees, and Service Award deducted first.

21. Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in the Agreement.

22. The Court dismisses with prejudice all claims of the Class against Brady Martz in the Litigation, without costs and fees except as explicitly provided for in the Agreement.

**IT IS SO ORDERED**.

Dated this 28th day of August, 2025.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court